UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTERPLATE INC., f/k/a
VOLUME SERVICES AMERICA
HOLDINGS, INC., and VOLUME
SERVICES, INC.,

      Plaintiffs,

v.                                      CASE No. 8:05-mc-41-T-24MAP

DOUGLAS A. DREWES,

      Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court on Plaintiff's Motion to Enforce Subpoena, or Alternatively, to Transfer Discovery Issues to District Court of South Carolina (doc. 1). Plaintiffs issued a subpoena duces tecum to non-party Ovations Food Services (Ovations), in which they sought production of documents and computer data. Plaintiffs alternatively ask this Court to transfer the discovery issues in this matter to the District Court in South Carolina where this action is currently pending.

It is unnecessary to address the issue of compelling document production, as this Court grants the motion to transfer. Under Fed.R.Civ.P. 26(c) this Court has the discretion to "make any order which justice requires." There will no annoyance, embarrassment, undue burden or expense from the transfer of this motion to the District Court in South Carolina. In fact, both parties' attorneys practice in South Carolina, and Ovations transacts business in South Carolina. Ovations asserts that their primary place of business is in Florida, but that argument is not convincing, as the actions giving rise to this litigation took place at their South Carolina location. As such, it would

seem that many of the relevant documents Plaintiffs request would be located in South Carolina as well. In addition, this Court is not as familiar with the underlying facts of this case, therefore, the South Carolina court is better suited to rule on the motion to compel. *See Socialist Workers Party v. Atty. Gen. Of U.S.*, 73 F.R.D. 699, 700 (D.C.MD. 1977). It is in the interest of judicial economy to transfer this matter. *See In the Matter of Subpoena Duces Tecum v. Central States, et al.*, 918 F.Supp. 272, 273 (E.D.WS. 1996)(transferring motion to quash to court where underlying litigation taking place); *In re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir. 1991)(recognizing discretion to transfer matters to the court where the litigation is pending). Accordingly, it is

ORDERED that:

1. Plaintiff's Motion to Enforce Subpoena, or Alternatively, to Transfer Discovery Issues to District Court of South Carolina (doc. 1) is GRANTED in part and DENIED in part.

2. Plaintiff's Motion to Enforce Subpoena is hereby transferred to the District Court in South Carolina.

3. The Clerk is directed to transmit the following to the United States District Court in South Carolina so that the judge to whom the underlying civil action is assigned may rule upon the motion to compel.

DONE AND ORDERED at Tampa, Florida on this 8th day of June, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record